Gorman, J.
The action below was brought by Sporkin Brothers & Company, defendants in error in this case, to recover from the plaintiffs in error, Bettman, Cohen & Company, a balance amounting 'to $931.56, claimed to be due on an account.
The original account was for goods sold and delivered by the defendants in error to the plaintiffs in error, and amounted to something like $17,-000, all of which had been paid except the balance claimed. There was attached to the petition an itemized account.
The answer of the defendants was a general denial, after admitting the respective partnerships of plaintiffs and defendants; and by way of second *24 defense set up full settlement of the account by accord and satisfaction, in this, to-wit, that on October 24, 1910, a check was sent to the plaintiffs for $1553.31, and endorsed thereon, on the body of the check, were the words, “In settlement of account in full;” that this check was sent in a letter which contained an itemized statement ■ of a corrected account of the transactions between the plaintiffs and the defendants.
Upon the trial of the case below a verdict was rendered in favor of the plaintiffs for $516.76, which sum included interest from the time claimed up to the first day of the term. Deducting the interest, the verdict represents $472.10, and this sum represents the aggregate of two items of invoices claimed to have been sold and delivered by the plaintiffs to the defendants: one, July 15, 1910, $254.75, and the other, August 20, 1910, for $217.35.
The evidence in this case adduced at the trial shows that some time prior to September 26, 1910, a dispute and controversy arose between plaintiffs and defendants concerning the quality of the goods sent by the plaintiffs to the defendants, the amount of discount which should be allowed, and the question of the receipt of some goods, and other matters. On that day, September 26, 1910, a member of the plaintiff firm came from Philadelphia to Cincinnati and had a conference with Mr. Bettman of the defendant firm, after which it was agreed between the parties, and the agreement reduced to writing, that of the 625 suits of clothes held by Bettman, Cohen & Company, and shipped by the plaintiffs, 325 suits were to be taken back *25 by the plaintiffs and credit given by the plaintiffs to Bettman, Cohen & Company for them; and it was further agreed that Bettman, Cohen & Company would pay the rest of the account at once after the return of the goods, deducting 4| per cent, discount upon the whole account, instead of payment upon the original terms. The goods were sent back, 325 suits, and on that day $2,000 was paid to the plaintiffs, and, later, $2,000 more was sent to the plaintiffs. The defendants wrote to the plaintiffs to send an account, but no account was sent; and the evidence does not disclose that up to this time any account had ever been rendered by the plaintiffs for goods sold up to the 26th day of September, 1910.
The defendants not having received an account,finally, on October 17, 1910, sent a letter to the plaintiffs in which they “again request a complete statement so that we can mail you check.” On October 8th the defendánts had written to plaintiffs remitting the $2,000 and asking them to send a correct and complete statement of the account, crediting the goods returned, and stating that upon receipt thereof the defendants would mail check. (See Exhibit 3.) On the 20th of October the plaintiffs sent what purported to be a complete itemized account of charges and credits, showing a balance due from the defendants to the plaintiffs of $3,116.35. Thereupon Mr. Bettman of the defendant company sat down and prepared a contra account, item by item, in which he omitted from the account sent by the plaintiffs, four •items: One of July 15, 1910, for $254.75; one of August 20, 1910, for $217.35; and two items of *26 September 17, 1910, one for $659.25 and the other for $63.35. Mr. Bettman also in the contra account made deductions for basting, and a great many other items, and marked the deductions upon the itemized account which he made out. There were a great number of these deductions made in addition to the - deduction of the four items. He also marked on the bill the credits — cash paid and goods returned; and took credit for 4-2 per cent, discount, as he claimed was agreed upon on September 26th. In the letter of the plaintiffs to the defendants containing their account sent October 20, they did not allow 4J ■per cent, discount, and claimed that inasmuch as the defendants had not paid promptly, as they said they would, that the 4-£ per cent, discount agreed upon on September 26th should not be allowed. Upon October 22, after Bettman had made out his contra account with all the deductions, which showed a balance of $1553.31, he enclosed a check with the account, and also a letter to the plaintiffs. The check was payable to the plaintiffs, and in the body thereof contained a statement, “in settlement of the account in full.” The letter was dated October 22. The contra account was dated October 22, but the check was dated October 24, and that is the day the check, the account and the letter were sent — Sunday having intervened between the 22d and 24th. In this letter the defendants said:
“Replying to your favor of the 20th instant, we beg to state that when you left here you said that when you received the goods we shipped back to you, you would send us a statement, but you did *27 not do it. We had to write you for the statement. We therefore distinctly hold you to the agreement in regard to the discount and enclose herein a check in settlement of account.
“Bettman, Cohen & Co.”
The evidence discloses that the check, the letter and the contra account reached the plaintiffs, and there is evidence tending to show that at the time the check was received it contained the endorsement above referred to. Furthermore the jury, in answer to an interrogatory, found as a matter of fact that the check when received by the plaintiffs did contain the above endorsement, “in settlement of account in full,” so that it is established in this case that the check was received in that condition. The plaintiffs banked the check, and after it had gone through the clearing house and been collected they then made a further demand upon defendants for some $1600. Subsequently they admitted that from the $1600 the two items of September 17, aggregating $722.60, should be deducted, because the defendants never received the goods'charged.
• Upon the trial of the case, upon the conclusion of all the evidence, counsel for the defendants requested the court to give the following special charge, which the court refused to give:
“If the jury should find that on October 24th, 1910, there was a controversy existing between the plaintiff and the defendant regarding the amount due from the defendant to the plaintiff, and that the defendant sent to the plaintiff a check, upon which appeared the words Tn settlement of account in full’ and that the plaintiff received this check and *28 retained the same and used it, then I charge you that there was an accord and satisfaction in this case, and the plaintiff cannot recover, and the defendant is entitled to a verdict.”
We are of the opinion that under the evidence in the case it was shown that there was a controversy between these parties on the 24th of October, 1910, when the check was received, and prior to that time. The question of discounts was in dispute, the question of the four items was in dispute, the question of the charge made for bastings, etc., was in dispute, and when the account was sent by the plaintiffs setting out all these charges and items and was received in Cincinnati by the defendants, and the defendants took up that account and made out what they claimed to be a corrected account and forwarded that to the plaintiffs with a check for the balance shown, with the words quoted above endorsed thereon, and that account with the letter and the check went to the plaintiffs, they were chargeable with notice of the fact that the defendants disputed the correctness of their itemized account sent on October 20; so that when the plaintiffs took the check they took it with full knowledge that the defendants were disputing the correctness of their account and were tendering the check in full payment and satisfaction of the account. We are therefore of the opinion that the court erred in refusing to give this special charge.
We think that there was error in the general charge of the court in this, to-wit, that the court (Record, page 74) used the following language in his charge:
*29 “If you find by a preponderance of the evidence that it did contain thesé words ‘in full settlement of account in full’ when it was received by the plaintiffs in Philadelphia, then you will go further and consider whether it was in payment in full of the account enclosed by the defendants with the check, or whether it included in payment in full of the entire account between these parties, and if you find that it was in payment on the account that was enclosed by the defendants to the plaintiffs, then the plaintiffs would be entitled to recover whatever balance of the account they had against the defendants, should you find that they are entitled to anything. Should you find it covered the whole account as presented between these parties, your verdict will be for the defendants, provided you find there is a bona fide dispute after September 26th and that these words were in the check when it was received by the plaintiffs. If you should find the check was only in payment in full of the account enclosed with the check, which was sent with the check by the defendants, then you will consider the other items not included in the account sued on by the defendants. These items, as the court remembers, are the shipments of July 15th and August 10th of two cases of goods. If you find they were not included in the check, then if they were ordered by the defendants from the plaintiffs and plaintiffs shipped them to the railroad company and they were received by the railroad company, they would be the property of the defendants and they would be liable for the amount and your verdict would be for the amount of the goods.”
*30 ■ We think this charge had a tendency to mislead the jury into finding in favor of the plaintiffs on the items of July 15 and August 20, 1910.
The jury, upon a special interrogatory submitted to them, found against the plaintiffs and in favor of the defendants on the question of the endorsement on the check, and this being true, we are of the opinion that it was the duty of the court, after the return of the verdict, to have granted the motion of the defendants to enter a judgment in favor of the defendants, notwithstanding the verdict, and that the facts in the case were such that the defendants were entitled to a verdict.
We think the law-point in this case has been settled by our supreme court in the case of The Seeds Grain & Hay Co. v. Conger, 83 Ohio St., 169, the syllabus of which reads as follows:
“1. When there is a bona fide dispute over an unliquidated demand and the debtor tenders an amount less than the amount in dispute, upon the express condition that it shall be in full of the disputed claim, the creditor has but one alternative; he must accept the amount tendered upon the terms of the condition, unless the condition be waived, or he must reject it entirely, or if he has received the amount by check in a letter, he must return it.
“2. Where in such case the creditor retains a check which was sent upon the condition that it shall be in full satisfaction of the debt claimed to be due, and receives the money thereon and notifies the debtor that the amount is placed to his credit, but that he does not intend that the same shall close up the matter in dispute, to which the debtor makes no reply, such silence by the debtor does not amount *31 to a withdrawal of the condition which accompanied the tender, nor to a waiver of it. The transaction is an accord and satisfaction.”
See also Brown-Ketcham Iron Works v. Hazen et al., 4 C. C., N. S., 582. In this decision of the circuit court of this county the court held:
“The law in Ohio as to accord and satisfaction does not differ from that of other states or of the federal courts in that, where a liquidated sum is due, the acceptance of a draft for a less sum in satisfaction thereof is binding as in full satisfaction, notwithstanding a want of full satisfaction.”
This rule of course applies to an unliquidated claim such as the one in the case át bar.
To the same effect are the cases of C., M. & St. P. Ry. Co. v. Clark, 178 U. S., 353, and Ostrander v. Scott, 161 Ill., 339.
Counsel for defendants in error, plaintiffs below, have cited several authorities to the effect that the dispute must exist before the tender of the payment is made in order to constitute the payment of a smaller sum an accord and satisfaction of the larger sum claimed. Even if this be true, the court is of the opinion that in the case at bar there was a controversy and dispute between plaintiffs and defendants in this case with reference to this account, and inasmuch as there was but one account, there was no room for difference as to what account was in dispute. It was the account which the plaintiffs had against the defendants.. The defendants had no account against the plaintiffs, and the memorandum sent- by the defendants through Mr. Bettman was simply a re-statement of the *32 plaintiffs’ account as the defendants claimed it should be.
For the reasons stated herein we are of the opinion that the judgment of the court of common pleas should be reversed and this court should enter a judgment in favor of the defendants, as the court of common pleas should have done on the motion for judgment non obstante veredicto.

Judgment reversed, and judgment for plaintiffs in error.

Jones, E. H., P. J., and Jones, Oliver B., concur.