569 F.2d 140
 16 Fair Empl.Prac.Cas. 732, 15 Empl. Prac.
Dec. P 7997,
186 U.S.App.D.C. 309
 Hintson RICHARDSON, Appellant,
v.
Richard E. WILEY, Chairman, Federal Communications Commission.
Hintson RICHARDSON, Appellee,
v.
Richard E. WILEY, Chairman, Federal Communications
Commission, Appellant.
 Nos. 76-2085, 77-1080.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Nov. 23, 1977.
Decided Dec. 22, 1977.
 
 Laura J. Rayburn, Washington, D. C., with whom Charles Stephen Ralston, Melvyn R. Leventhal and Bill Lann Lee, New York City, were on the brief for Hintson Richardson.
 Steven D. Gordon, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Ellen Lee Park, Asst. U. S. Attys., Washington, D. C., were on the brief for Richard E. Wiley, Chairman, F. C. C.
 Before TAMM and ROBB, Circuit Judges, and MARKEY,* Chief Judge, United States Court of Customs and Patent Appeals.
 Opinion PER CURIAM.
 
 PER CURIAM:
 
 1
 This is an employment discrimination case. The parties cross appeal from a judgment of the District Court dismissing the action as moot and awarding attorneys' fees to the plaintiff. The plaintiff, Richardson, contends that his promotion subsequent to the filing of his complaint did not moot the controversy because he is entitled to back pay and the promotion's retroactive effect. The Federal Communications Commission (FCC) contends that the District Court erred in awarding attorneys' fees because Richardson could not be a "prevailing party" within the meaning of 42 U.S.C. § 2000e-5(k). Because the District Court lacked jurisdiction in the case, we affirm the dismissal and reverse the award of attorneys' fees.
 
 
 2
 The FCC has employed Richardson since 1961. In February 1974 Richardson, then a GS-13 electronics engineer, filed a formal complaint with the FCC alleging that racial discrimination had blocked his promotion to GS-14. An FCC equal opportunity employment officer conducted an investigation and found "bias, racism, and discrimination." The EEO officer issued a proposed disposition of the complaint on November 13, 1974, concluding that Richardson should receive the next available GS-14 position. Richardson was informed that if this proposed disposition was unsatisfactory to him, he could request a hearing by the chairman of the FCC or his designee. Richardson made no objection to the proposed disposition. Nevertheless, five months later on April 25, 1975 Commissioner Washburn of the FCC issued the final decision of the Agency, finding that there had been no discrimination. Attached to this decision was a notice advising Richardson of his right to appeal to the Civil Service Commission within fifteen days or to file a civil action in District Court within thirty days. On June 17, 1975 Richardson requested review by the Appeals Review Board of the Civil Service Commission. On September 27, 1975 the Board declined to accept the appeal because it was untimely. Richardson filed this action in the District Court on October 22, 1975.
 
 
 3
 The complaint in the District Court alleged violations of section 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Fifth Amendment. Richardson sought to have the proposed disposition of November 13, 1975 implemented by promotion to GS-14 with retroactive effect, back pay, and attorneys' fees. Within a month of the filing in District Court Richardson received a promotion to GS-14.
 
 
 4
 If Richardson has a judicial remedy here, it is under Title VII because it is settled " § 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." Brown v. GSA, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). The issue before us then is whether the District Court had jurisdiction under section 717.[1]
 
 
 5
 Section 717(c) provides that the complainant must file a civil action within thirty days of his receipt of notice of final action taken by the agency. This limitation is jurisdictional. See Brown v. GSA,supra, at 833-34, 96 S.Ct. 1961. On May 7, 1975 Richardson received the April 25, 1975 decision which was prominently titled "Notice of Final Decision of Agency." He did not appeal to the CSC until June 17, and did not file his civil action in the District Court until October 22, 1975. Thus the appeal to the Civil Service Commission and the civil action in the District Court were untimely filed. To overcome this difficulty Richardson argues that the April 25 decision was not a valid final decision because it failed to effectuate the earlier proposed disposition as required by Civil Service Commission regulations.[2] We think however that Richardson's argument on this point amounts to a contention that the April 25 decision was not final because it was wrong. The recourse from a wrong decision was an appeal, either to the Civil Service Commission or to the court. The question therefore is whether Richardson's appeal to the court was timely.
 
 
 6
 Richardson relies on our decision in Coles v. Penny, 174 U.S.App.D.C. 277, 531 F.2d 609 (1976) and on the Third Circuit's decision in Allen v. United States, 542 F.2d 176 (3d Cir. 1976). In each of those cases the agency failed to advise the complainant of the time limitations governing his right to appeal the final decision of the agency to the Civil Service Commission or to file an action in district court. We held in the Coles case that section 717 required such a notice. 174 U.S.App.D.C. at 282, 531 F.2d at 614. In the Allen case the Third Circuit held that the failure to give this notice violated CSC regulations which deprived the agency's decision of its finality. 542 F.2d at 180. The critical point in each case was the concern that, absent notification by the agency, a complainant proceeding pro se before the agency would not be aware of the rigorous time limitations governing further review of the complaint. As we stated in the Coles decision: "we doubt that Congress intended to provide a judicial remedy . . . which is so easily forfeited by those whose rights it vindicates." 174 U.S.App.D.C. at 283, 531 F.2d at 615.
 
 
 7
 In the case before us Richardson was notified of his rights. The notice of the April 25, 1975 decision, received by Richardson May 7, and entitled "Notice of Final Decision of Agency" advised Richardson:
 
 
 8
 Attached to this notice is the final decision of the agency on your complaint of discrimination. If you are dissatisfied with this final decision, you have the following appeal rights.
 
 
 9
 You may appeal to the Civil Service Commission within 15 calendar days of receipt of the decision. Your appeal should be addressed to the Civil Service Commission, Board of Appeals and Review, 1900 E Street, N.W., Washington, D. C. 20415. The appeal and any representations in support thereof must be submitted in duplicate.
 
 
 10
 In lieu of an appeal to the Civil Service Commission, you may file a civil action in an appropriate U. S. District Court within 30 days of receipt of the decision.
 
 
 11
 (Emphasis in original)
 
 
 12
 Richardson is an educated man who holds a responsible position in the FCC. That the April 25 "final decision" failed to carry out the proposed disposition was obvious and the alternative courses of action were stated plainly. There is no basis here to invoke the rationale of the Coles and Allen cases. The 30-day limitation is jurisdictional and cannot be circumvented by artful pleading.
 
 
 13
 Counsel suggested at oral argument that Richardson had difficulty in obtaining an attorney to represent him in District Court. This argument should be addressed to the Congress, not the courts. See Kavanagh v. Noble, 332 U.S. 535, 539, 68 S.Ct. 235, 92 L.Ed. 150 (1947). We conclude that the action was filed too late and the District Court had no jurisdiction to hear it.
 
 
 14
 The District Court awarded Richardson $1500 attorneys' fees because " the gravamen of the action was the implementation of the proposed disposition." The court ruled that Richardson was a "prevailing party" within the meaning of the statute because relief did not come for a year following the proposed disposition and not until the filing of the lawsuit. Id. We express no view of the scope of the term "prevailing party" except to hold that it cannot include a plaintiff in a case in which the district court had no jurisdiction. The award of attorneys' fees must be reversed.
 
 
 15
 The judgment below is affirmed in part, reversed in part.
 
 
 16
 So ordered.
 
 
 
 *
 Sitting by designation pursuant to Title 28, U.S.C. § 293(a)
 
 
 [1]
 If there is jurisdiction the case is not moot because issues of back pay and retroactive effect were not affected by Richardson's promotion to GS-14. Day v. Mathews, 174 U.S.App.D.C. 231, 232-33, 530 F.2d 1083, 1084-85 (1976)
 
 
 [2]
 Civil Service Commission regulations require that an agency not propose a disposition of a complaint unless it is prepared to carry out that disposition if the complainant agrees to it. Federal Personnel Manual Letter No. 713-21, at 4. Richardson was informed at the time he filed his initial complaint with the FCC that the proposed disposition would become final if he agreed to it. Richardson argues therefore that his suit in the District Court was timely because it was filed more than 180 days after the date of the complaint with the FCC and before a final decision by the FCC. 42 U.S.C. § 2000e-16(c). The argument overlooks the April 25, 1975 decision which, although substantively inadequate, was the final decision of the agency for appeal purposes