## NATIONAL FOOD PROCESSORS ASSOCIATION, Plaintiff,

v.

## Philip M. KLUTZNICK et al., Defendants.

Civ. A. No. 80–318.

United States District Court, District of Columbia.

Jan. 28, 1981.

Robert N. Sayler and Lucinda A. Low, Covington & Burling, Washington, D. C., for plaintiff.

Wells D. Burgess, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff in this action challenges certain regulations which require food processors to report certain data. Plaintiff is a trade association, some of whose members purchase and process clams and quahogs into finished products. Defendants are the Secretary of Commerce, the National Oceanic and Atmospheric Administration, and the National Marine Fisheries Service. These

agencies are charged with the enforcement of the Fishery Conservation and Management Act of 1976, Pub.L. No. 94–265, 90 Stat. 331 (codified at 16 U.S.C.A. §§ 1801–82 (West Supp.1979) (the Act). Pursuant to that Act, and at various times since its passage, the Secretary has issued regulations implementing or amending a fishery management plan for the clam and quahog industries (the Plan). The Plan establishes an optimum yield for the industry, including requirements for the weekly reporting of data necessary for enforcing and monitoring the Plan.

Presently before the Court are the parties' cross motions for summary judgment. Plaintiff contends that the regulations are not authorized by the Act and are thus beyond the Secretary's regulatory jurisdiction, that the regulations violate certain rules regarding a minimum of paperwork, and that the regulations are not supported by a sufficient statement of basis and purpose. Defendants respond that plaintiff is time barred from contesting those regulations, that the regulations are authorized by the Act, that the paperwork rules are inapplicable, and that defendants' response to plaintiff's comments on the data requirements was, in the circumstances presented, entirely adequate.

The Court need only deal with defendants' initial contention that plaintiff is barred from challenging the reporting requirements by the time limitation mandated in the statute. The applicable statutory review provision is Section 305(d) of the Act, 16 U.S.C.A. § 1855(d) (West Supp. 1979), which specifies that judicial review of the regulations is available only within thirty days of the promulgation of the regulations. The regulations at issue here were promulgated January 3, 1980. 45 Fed.Reg. 786 (1980). Prior to that, the regulations which first implemented the Plan were promulgated on February 17, 1978. 43 Fed. Reg. 6,952 (1978). A group of amendments to the Plan was implemented on September 27, 1979. 44 Fed.Reg. 55,590 (1979). A second set of amendments was published on January 3, 1980, which are, as stated above, the action upon which this requested review is based.

Plaintiff claims that this Court can review the entire substance of the regulations finally promulgated on January 3, 1980, since this action was filed within thirty days of that date. They maintain that in every relevant way the Secretary treated these regulations as an amendment. Defendants respond that review is available only for those parts of the January 3 regulations which actually amend portions of the Plan. They point out that with regard to the data reporting requirements there is no substantial difference between the regulations in existence prior to January 3 and the ones implemented on that date. Plaintiff concedes this. Moreover, both the proposed and final regulations clearly specified that one purpose of the January 3 publication was to incorporate "past" and "prior" amendments for the sake of a "clearer, more understandable format." 44 Fed.Reg. 65,372 (1979); 45 Fed.Reg. 786 (1980). Defendants' argument is the more persuasive. In light of the stated purpose of consolidation, and the absence of any significant change, and giving the word amendment its normal meaning, it is not possible to say that the regulations of January 3 constitute an actual amendment to the Plan. Because they are not amendments, they are not reviewable.

Plaintiff argues in the alternative that even if the January 3 regulations are not amendments, they are still reviewable as new regulations because the previous plan and its implementing regulations had expired at the close of 1979. They refer to language in the preambles or information accompanying proposed regulations which indicates the Plan and regulations were to expire at the end of 1979. E. g., 44 Fed. Reg. at 65373 (1979). Defendants counter that the only regulations which expired at the end of 1979 were those specific portions of the Plan, such as fish quotas, which expired by their own terms at a given date. § 652.6, 43 Fed.Reg. 6954 (1978); § 652.6, 44 Fed.Reg. 55691 (1979). They contend that the regulations implementing the Plan do not contain any general or overall expira-

tion date, and that the reporting requirements are not tied to any of the provisions with specific time limits. Plaintiff has not shown otherwise. The better view is that the generally applicable regulations, including the data reporting provisions, remained in effect without need of repromulgation, and only those parts which specifically expired prior to January 3 can be reviewed after January 3.

Accordingly, plaintiff's challenge must be limited to the amending or new portions of the January 3 regulations. To hold otherwise would undermine the time limits set by Congress. While plaintiff argues that the issue here is a matter of statutory construction, and thus always the responsibility of the judiciary, that does not mean that Congressionally mandated review restrictions may be ignored. Time limits such as this should be and have been strictly construed. *E. g., Hofer v. Campbell*, 581 F.2d 975, 978 (D.C.Cir.1978), *cert. denied*, 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979); *Laminators Safety Glass Assoc. v. CPSC*, 578 F.2d 406, 412 (D.C.Cir.1978); B. Schwarz, *Administrative Law*, § 145 at 433–34 (1976). Plaintiff undoubtedly had a right to question the authority of the Secretary to issue the data reporting regulations disputed in this action, but that right expired thirty days after initial promulgation or actual amendment.

Because the time limit dispositive here is jurisdictional in nature, the action is dismissed for failure of jurisdiction. *Hofer v. Campbell*, 581 F.2d at 977; *Richardson v. Wiley*, 569 F.2d 140, 143 (D.C.Cir.1977).

Judgment accordingly.