Theodore **HAYNES**, Plaintiff,

v.

**HHS et al., Defendants.**

**Civ. A. No. 94–0015 (JR).**

United States District Court, District of Columbia.

March 14, 1995.

Theodore Haynes, Charlotte, NC, plaintiff pro se and Theodore Haynes, Jr., Houston, TX, for plaintiff.

James Robert Layton and Daniel Franklin Van Horn, U.S. Attorney's Office, Washington, DC, for defendants.

## MEMORANDUM ORDER

ROBERTSON, District Judge.

Plaintiff was employed by the Social Security Administration ("SSA"), United States Department of Health and Human Services ("HHS"), as Chief Administrative Law Judge ("CALJ") in 1990. Plaintiff removed himself from the CALJ position in 1991 and asserts that he was constructively discharged. He brought this action on January 5, 1994, alleging deprivation of civil rights, discrimination on the basis of race and sex, and retaliation for protected activities, in violation of 42 U.S.C. § 2000(e), *et seq.* (Title VII); 42 U.S.C. §§ 1981, 1983, 1985 and 1986; and 5 U.S.C. §§ 7521 and 7702.

Plaintiff sued seventeen officials of HHS, SSA, Office of Personnel Management, Office of Special Counsel, Department of Labor, and six offices or agencies.[1] He sued four-

---

1. The federal individual defendants are current or former United States employees sued in their individual capacities: Gwendolyn S. King; Louis D. Enoff; Andrew J. Young; Eileen S. Bradley; Stephen J. Ahlgren; Craig T. Pettibone; Naphrem Litt; Francis O'Byrne; Richard Sprague; Adrian V. Sannier; Allen C. Youngblood; and Bruce S. King.

The federal agency defendants are government agencies and government officials sued in their official capacities: the Department of Health and Human Service; Donna Shalala, Secretary of

teen other administrative law judges ("judges"),[2] most of whom are at the SSA but some of whom hold office in the Association of Administrative Law Judges (the "Association"). And he sued the Association.

All defendants move to dismiss for lack of personal or subject matter jurisdiction or both. The federal agency defendants and the federal individual defendants seek dismissal because of improper venue and failure to state a claim on which relief may be granted. In the alternative, they seek an order transferring this case to the Eastern District of Virginia. On January 26, 1995, the court heard and denied plaintiff's motion for preliminary injunction upon finding that plaintiff had failed to show either the requisite likelihood of success on the merits or irreparable injury. The court now turns to the defendants' motion to dismiss or transfer.

■ There is no avenue through which plaintiff can assert claims under 42 U.S.C. §§ 1981, 1985, and 1986 against defendants. *See Richardson v. Wiley*, 569 F.2d 140, 141 (D.C.Cir.1977) (precluding § 1981 discrimination action by federal employee covered by Title VII); *Great American Federal Savings and Loan Ass'n v. Novotny*, 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979), (same with regard to § 1985 claim);

*Thomas v. News World Communications*, 681 F.Supp. 55, 73 (D.D.C.1988) (same with regard to § 1986 action). Plaintiff's claim under § 1983 will not lie because no defendant was acting or is alleged to have been acting under color of state law during the time of plaintiff's alleged constructive removal.[3] *See District of Columbia v. Carter*, 409 U.S. 418, 424, 93 S.Ct. 602, 606, 34 L.Ed.2d 613 (1973).

■ Plaintiff does not have a separate claim under the Civil Service Reform Act, 5 U.S.C. §§ 7521 and 7701, but must file his discrimination claim 42 U.S.C. 2000e–16(c) (Title VII). 5 U.S.C. §§ 7702, 7703(b)(2); *see also Williams v. McCausland*, 791 F.Supp. 992 (S.D.N.Y.1992).

■ Thus, plaintiff's only viable claims are encompassed within the scope of Title VII, the exclusive judicial remedy for federal employees alleging employment discrimination.[4] *See Brown v. GSA*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The only proper defendant in a Title VII suit brought by a federal employee is the head of the agency alleged to have unlawfully discriminated. 42 U.S.C. § 2000e–16(c). *See also Brown*, 425 U.S. at 835, 96 S.Ct. at 1969; *Davis v. Califano*, 613 F.2d 957, 958 n. 1 (D.C.Cir.1979).[5]

---

Health and Human Services; the Social Security Administration; the Office of Personnel Management; James King, Director of the Office of Personnel Management; the Office of Special Counsel; Kathleen D. Koch, United States Special Counsel; the Office of the Inspector General, Department of Health and Human Services; June G. Brown, Inspector General of the Human Services; the Department of Labor; Robert Reich, Secretary of Labor, and Naphrem Litt, Chief Administrative Law Judge, Department of Labor.

2. Ronald Bernoski, as an individual; William Boham, as an individual; Gilbert Drucker, as an individual; Irwin Coleman, as an individual and in his capacity as Association director; Ralph Erickson, as an individual and in his capacity as Association director; Robert Gallagher, as an individual and in his capacity as Association director; Hubert Graves, as an individual and in his capacity as Association director; James Horn, as an individual and in his capacity as Association director; David Hubbard, as an individual and in his capacity as Association director; Thomas King, as an individual and in his capacity as former Association director; Christine Moore, as an individual and in her capacity

as former Association director, Francis O'Bryne, as an individual and in his capacity as Association president and former director; Margaret Quinn, as an individual and in her capacity as Association director; and Arthur Stephenson, as an individual and in his capacity as Association director.

3. The federal individual defendants, the judges and the Association defendants were and are federal officials.

4. Plaintiff's "conspiracy" allegations recite actions taken by defendants for racially discriminatory reasons leading to his constructive removal. Thus, the substance of such claims is within the ambit of Title VII.

5. An exception exists for labor organizations subject to suit under Title VII, but the plaintiff's claim that the Association is a labor organization is wholly unsupported. Even if the Association were a labor organization, plaintiff has not filed an initial charge against the Association with the EEOC or a state deferral agency, 42 U.S.C. § 2000e–5(b).

130

Defendants argue that, if the Title VII claim against Secretary Shalala is not dismissed, it should be transferred. That motion will be denied. Plaintiffs are generally entitled to their choice of forum. The matter has been pending before this court for over a year. The action is capable of resolution in this forum. And the interests of judicial economy favor retaining the case in this Court.

Accordingly, the motions of the parties and entire record having been considered, it is this 13th day of March, 1995,

**ORDERED** that the motion of Secretary Shalala to dismiss plaintiff's title VII claim is **DENIED;** and it is further

**ORDERED** that the motions of Secretary Shalala and all other defendants to dismiss all other claims set forth in plaintiff's complaint are **GRANTED;** and it is further

**ORDERED** that the motion of Secretary Shalala to transfer this case to the Eastern District of Virginia is **DENIED;** and it is further

**ORDERED** that plaintiff and Counsel for Secretary Shalala are directed to meet and confer under Local Rule 206 and to promptly file the statement required by that rule.

