**Joan A. LEWIS, Petitioner,**

v.

**INTERNAL REVENUE SERVICE, Respondent.**

No. 82–1254.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1982.

Decided Nov. 3, 1982.

Taylor Fields, Colbert & Fields, Kansas City, Mo., for petitioner Joan A. Lewis.

Robert G. Ulrich, U.S. Atty., Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for respondent.

Before BRIGHT and ARNOLD, Circuit Judges, and HUNTER,* Senior District Judge.

ARNOLD, Circuit Judge.

Joan A. Lewis asks us to review an order of the Merit Systems Protection Board (MSPB) upholding her dismissal from the

---

* The Hon. Elmo Hunter, Senior United States District Judge for the Western District of Mis-   souri, sitting by designation.

Internal Revenue Service. The principal ground urged in her petition is that the IRS, in the course of investigating her conduct in the workplace, engaged in a prohibited personnel practice. We do not reach this question. Because the petition for review was filed in this Court more than 30 days after the order of the MSPB of which petitioner complains, her petition is out of time, and we must dismiss it for want of jurisdiction.

The initial decision by the presiding official who held the evidentiary hearing on Lewis's challenge to her dismissal was received by petitioner on December 7, 1981. An amended version of the initial decision, for the purpose of correcting an "erratum," was received on December 11, 1981. Petitioner did not ask the Board to review the initial decision, so it became the final order of the Board on January 6, 1982. 5 U.S.C. Sec. 7701(e)(1)(A). The petition for review was filed in this Court on February 19, 1982.

Our jurisdiction is conferred by Congress and limited by the terms of the statute that confers it. That statute, 5 U.S.C. Sec. 7703(b)(1), provides:

> (b)(1) Except as provided in paragraph (2) of this subsection [a provision not relevant here], a petition to review a final order or final decision of the Board shall be filed in the Court of Claims or a United States court of appeals as provided in chapters 91 and 158, respectively, of title 28. Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.

Even if, as counsel suggested at the oral argument, the receipt of the amended initial decision is the operative date, the petition would still be out of time, because in that event the initial decision would have become the final order of the Board on January 11, 1982, which is still more than 30 days before the filing of the petition for review. Nor do we inquire whether the IRS was prejudiced by the lateness of the petition. The time limit fixed by the statute is jurisdictional. It would be our duty to observe it and to dismiss the petition even if the respondent had not raised the point, or attempted to waive it. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1869). See also *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981).

The petition for review is

*Dismissed.*