**Barbara C. MILLER,**
**Plaintiff-Appellant,**

v.

**John O. MARSH, Secretary of the**
**Army, Defendant-Appellee.**

**No. 84–7497.**

United States Court of Appeals,
Eleventh Circuit.

July 23, 1985.

Frank W. Donaldson, U.S. Atty., Caryl P. Privett, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before RONEY and CLARK, Circuit Judges, and PITTMAN,* District Judge.

RONEY, Circuit Judge:

The district court granted summary judgment to defendant in this Title VII sex discrimination case both on the merits and because it was untimely filed. Since sex

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by

discrimination was conceded, the sole issue on the merits was whether the district court erred in denying her claim for back pay on the ground that she had voluntarily withdrawn from the labor market by entering law school. Although plaintiff's claim was timely filed, we hold on the facts of this case that plaintiff did leave the labor market so the judgment of the district court denying back pay is affirmed.

The parties stipulated to the following facts for purposes of the summary judgment motion. Plaintiff was employed as a temporary clerk stenographer for the Army in May 1978. Her position was to end no later than September 29, 1978. That summer she interviewed for a position as a Contract Specialist for the Army Corps of Engineers (Corps). She was not selected. Believing she had been discriminated against on the basis of her sex and age, plaintiff initiated a formal administrative discrimination complaint on August 28, 1978. Under Title VII and the relevant regulations, Government employees are expected to initiate their Equal Employment Opportunity (EEO) complaints with the agency that employs them. They then have a right to appeal to the Equal Employment Opportunity Commission (EEOC) in Washington.

The Corps determined that plaintiff was a victim of sex, but not age, discrimination, and so informed her by memorandum dated February 7, 1979. The memorandum recommended that plaintiff be "retroactively appointed to include back pay minus any other income earned and any times that she was not ready, willing, and available for employment."

Plaintiff had left her temporary job on September 15, 1978, while her appeal was still pending with the Corps. She entered law school at Mercer University three days later.

The district court granted summary judgment against plaintiff as to back pay

designation.

on the ground that the plaintiff had voluntarily removed herself from the labor market by enrolling as a law student on a full-time basis. The court found that as a full-time student, plaintiff was not "ready, willing, and available for employment," as the defendant might require. Back pay awards in Title VII cases are reviewed for abuse of discretion. *See Taylor v. Safeway Stores, Inc.*, 524 F.2d 263, 267 (10th Cir.1975); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 876 (6th Cir.1973). They will be reversed, of course, if the district court incorrectly applies the law. The thrust of plaintiff's appeal is that, although she was in law school, she was willing to leave school to take the Corps job if it were offered to her. There is some support in the facts for this position. In our judgment, however, it misapplies the legal meaning of the requirement that a plaintiff be "ready, willing, and available for employment" to support a back pay award. There is a statutory duty to minimize damages. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231, 102 S.Ct. 3057, 3065, 73 L.Ed.2d 721 (1982). This duty is not fulfilled by a readiness to accept only the job sought with the defendant. The plaintiff must be available and willing to accept substantially equivalent employment elsewhere. "A Title VII plaintiff who is unlawfully terminated, however, is required to mitigate damages by being reasonably diligent in seeking employment substantially equivalent to the position she or he lost." *Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1470 (11th Cir. 1985).

Plaintiff applied to law school prior to her unsuccessful attempt to find permanent employment with the Corps. She resigned her temporary job and entered Mercer Law School in Georgia three days later. There is no evidence that she pursued any employment other than the job that was the focus of her discrimination claim. Her time commitment as a first-year law student would necessarily preclude her from accepting employment equivalent to her former position. The fact that she did leave school after receiving a "final decision" letter March 6, 1979 is not dispositive.

The letter stated that plaintiff had to begin work within two weeks. While she did report for work on March 13, she missed no more than a week of classes before quitting work and returning to Mercer. On these facts, the district court could determine that plaintiff removed herself from the job market.

Although no Eleventh Circuit or controlling Fifth Circuit precedent has been cited to us on point, the court in *Taylor v. Safeway Stores, Inc.*, 524 F.2d 263 (10th Cir. 1975), faced a similar problem. It was held there that

> [W]hen an employee opts to attend school, curtailing present earning capacity in order to reap greater future earnings, a back pay award for the period while attending school also would be like receiving a double benefit. We fail to see that the district court abused its discretion in not including the time Taylor was attending school in the computation of the back pay award.

*Id.* at 268. *See also Washington v. Kroger*, 671 F.2d 1072 (8th Cir.1982); *Williams v. Trans-World Airlines, Inc.*, 507 F.Supp. 293 (W.D.Mo.1980); *United States v. Wood, Wire and Metal Lathers, Local 46*, 328 F.Supp. 429 (S.D.N.Y.1971).

The two cases relied on by plaintiff provide no base for this Court to reverse the district court. In *EEOC v. Ford Motor Co.*, 645 F.2d 183 (4th Cir.1981), *rev'd on other grounds*, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721, *adhered to original position on remand*, 688 F.2d 951 (4th Cir.1982), the court held that two plaintiffs did not remove themselves from the labor market when they entered a CETA nurses training program. The court found that CETA training "closely resembled employment" in that wages were paid for the time spent in training. Additionally, the court noted that plaintiffs would have lost their unemployment benefits had they not accepted the CETA training. They were by no means voluntarily removing themselves from the job market, and the record evidence in that case clearly established that fact.

In *Hanna v. American Motors Corp.*, 724 F.2d 1300 (7th Cir.1984), the district court found that Hanna was at all times "ready, willing, and available to accept employment" during the time he was enrolled as a full-time student. Hanna looked for work for four months before enrolling in college. He stayed only one semester, sought employment for another nine months and then started classes again. No such evidence is presented here. The only evidence before the district court shows that the job with the Corps was the sole position for which plaintiff was available. Even if she were willing to leave law school in order to accept the job she was illegally denied, she still failed to mitigate her damages since she remained unavailable for any alternative employment. The trial court's decision was within its discretion and this Court cannot reverse its findings.

Although this decision requires affirmance of the district court judgment, we note that plaintiff's complaint was timely filed, contrary to the decision of the district court.

Under Title VII, 42 U.S.C.A. § 2000e–16(c), a federal employee or employment applicant complaining of sex discrimination has 30 days from "receipt of notice of final action taken by department" within which to file suit in federal court. However, Title VII's statutory 30-day limitations period is not jurisdictional and is subject to equitable tolling. *Zipes v. Trans-World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). *Milam v. United States Postal Service*, 674 F.2d 860 (11th Cir.1982). *See also Smith v. McClammy*, 740 F.2d 925 (11th Cir.1984). The time for filing the complaint in this case was equitably tolled.

Although plaintiff was told in a final decision letter dated March 6, 1979 that she had a right to file suit in federal court within 30 days of the letter's receipt, she did not learn until March 23, 1979 that she would not be allowed back pay for the period she was in law school. On April 9, 1979, plaintiff was informed she could file a claim for back pay with the General Accounting Office (GAO). She pursued the GAO claim for 19 months before it was denied in December, 1980. She was again referred to EEOC for additional information. Plaintiff requested reinstatement of her EEO complaint on December 27, 1980, as was suggested in the GAO letter. She received a response from the EEOC on May 22, 1981, which advised her to go back to the Corps and request a hearing. On June 2, 1981, she requested that the Corps reopen her complaint. That request was refused on June 8, 1981. Plaintiff appealed the Corps' decision to the Office of Review and Appeals. On June 3, 1982, she received from the EEOC a letter informing her of the denial of her appeal and her right to sue. On July 1, 1982, within 30 days of that final notice that she would not receive back pay, she filed the instant suit in federal district court.

Thus, while plaintiff received a notice of "final action" on March 6, 1979, it must be recognized that at that time plaintiff had no reason to believe there was an adverse decision to appeal. She did not receive official notice of her denial of back pay until March 23, 1979 and shortly thereafter, she was advised to pursue that claim and appeals through the GAO, and then the EEOC. It was entirely reasonable to conclude that plaintiff was misled into believing that she must follow the GAO and EEOC routes to keep her back pay claim alive. Once those avenues were finally exhausted and the EEOC issued a right-to-sue letter on June 3, 1982, plaintiff filed suit within 30 days.

As stated by the Tenth Circuit in *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir.1984), equitable tolling may be appropriate when a plaintiff has been "lulled into inaction by ... state or federal agencies" or "if a plaintiff is 'actively misled' ...." *See also Hofer v. Campbell*, 581 F.2d 975, 978–84 (D.C.Cir.1978) (Wilkey, J., dissenting). Under equitable tolling principles plaintiff's complaint was timely as she was "lulled" into pursuing other channels at the expense of her federal court remedy by the officials involved here.

**494**

Regardless of the timely filing, however, the district court correctly dismissed the complaint on the merits.

AFFIRMED.