Oscar LEE, Jr., Plaintiff-Appellant,

v.

The U.S. POSTAL SERVICE, et al., Defendants-Appellees.

No. 85–8214

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 25, 1985.

Alvin C. McDougald, Fort Valley, Ga., for plaintiff-appellant.

**1068**

Frank L. Butler, Asst. U.S. Atty., Macon, Ga., Eric J. Scharf, U.S. Postal Service, Washington, D.C., for defendants-appellees.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

 Plaintiff Oscar Lee, Jr. was dismissed from employment at the United States Postal Service. The Merit Systems Protection Board ("MSPB") affirmed his dismissal in a decision issued on November 16, 1981. On December 16, 1981, Lee timely filed a complaint in the United States District Court for the Middle District of Georgia seeking judicial review of the MSPB decision. The complaint was dismissed on August 5, 1982, without prejudice. On May 26, 1983, Lee filed a second complaint in the United States District Court for the Middle District of Georgia, seeking review of the decision of the MSPB pursuant to 5 U.S.C. § 7703(b)(1), (2). Under 5 U.S.C. § 7703(b)(1), (2), the plaintiff

must file suit within thirty days of the final agency decision. On December 7, 1984, the district court requested briefs from the parties regarding the timeliness of the filing of the plaintiff's complaint. After considering the parties' briefs, on March 1, 1985, the district court ordered that Lee's action be dismissed since it had been untimely filed. On appeal, the plaintiff contends that the issue of timeliness was not appropriately placed before the district court and that the district court incorrectly found the complaint to be untimely.

We need not consider whether the district court could *sua sponte* address the issue of timeliness; Lee is clearly wrong in contending that the Postal Service did not raise the issue of timeliness. *See* Record at 7, 8 (Answer of Postal Service) and at 56, 57 (Pretrial Order describing Rule 16 pretrial conference).

Assuming, without deciding, that timely filing is not a prerequisite to federal jurisdiction [1] and that equitable tolling principles may be applied to the filing of a complaint for judicial review of an MSPB decision,[2] we find that in the district court Lee

---

1. The district court appears to have considered timeliness to be a jurisdictional prerequisite since it dismissed the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and since it found that untimeliness "defeat[ed] the jurisdiction of this court."

2. Lee's case involved charges of discrimination and, as required by 5 U.S.C. § 7703(b)(2), Lee filed his complaint with the district court under the provisions of § 717(c) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c). There are no circuit court decisions directly deciding whether the time limit in § 7703(b)(2) is subject to equitable tolling, and we need not reach that issue in the instant case. However, we note that the law in this circuit is clear that the time limit of 42 U.S.C. § 2000e–16(c), under which Lee was required to file his district court complaint (because 42 U.S.C. § 2000e–16(c) is incorporated by § 7703(b)(2)), is subject to equitable tolling. In *Milam v. United States Postal Service*, 674 F.2d 860, 861 (11th Cir.1982), this court held that timely filing under 42 U.S.C. § 2000e–16(c) was not a prerequisite to federal jurisdiction. *See Miller v. Marsh*, 766 F.2d 490, 493 (11th Cir.1985) ("Title VII's statutory 30-day limitations period [42 U.S.C. § 2000e–16(c)] is not jurisdictional and is subject to equitable toll-

ing"). *See generally Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 594 (5th Cir.1981).

In the only case our research has discovered which addresses this issue, the district court in the District of Columbia Circuit decided that timely filing under § 7703(b)(2) was a prerequisite to federal jurisdiction. *King v. Dole*, 595 F.Supp. 1140, 1144 (D.D.C.1984). The court in that case found that, contrary to the law in this circuit, timely filing under 42 U.S.C. § 2000e–16 is jurisdictional in the D.C. Circuit. *Id.* (citing *Hofer v. Campbell*, 581 F.2d 975, 977 (D.C.Cir.1978), *cert. denied*, 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457; *Richardson v. Wiley*, 569 F.2d 140, 142 (D.C.Cir.1977)). In addition, that court stated that since the language of § 7703(b)(2) parallels the language of § 7703(b)(1), which governs appeals of MSPB decisions not involving allegations of discrimination, and since the 30-day time period set out in § 7703(b)(1) has been determined to be jurisdictional, *Monzo v. Dept. of Transportation*, 735 F.2d 1335, 1336 (Fed.Cir.1984); *Devine v. White*, 697 F.2d 421, 429 (D.C.Cir.1983); *Lewis v. IRS*, 691 F.2d 858, 859 (8th Cir.1982); *Miller v. United States Postal Service*, 685 F.2d 148, 149 (5th Cir.1982), *cert. denied*, 461 U.S. 916, 103 S.Ct.

did not proffer any facts which might be grounds for equitable tolling.[3] Therefore, we conclude that Lee's complaint was untimely, and that the district court committed no error in ordering that Lee's action be dismissed on that ground.

The judgment of the district court is AFFIRMED.

1898, 77 L.Ed.2d 286 (1983); *Boehm v. Foster,* 670 F.2d 111, 113 (9th Cir.1982), the time limit of § 7703(b)(2), like that of § 7703(b)(1), should not be subject to enlargement by equitable tolling.

Since we find that the circumstances do not present grounds for equitable tolling, we need not resolve this issue.

**3.** Arguments not presented to the district court and first made on appeal are generally not considered by an appellate court. *See Dean Witter Reynolds, Inc. v. Fernandez,* 741 F.2d 355, 360–61 (11th Cir.1984).

While we need not and do not reach the issue, the only argument that Lee seems to have made for equitable tolling is that the counsel who represented him in his first complaint to the district court and who filed his second complaint in the district court ineffectively represented him. It appears that this would not be grounds for making equitable tolling available. *See Chappell v. Emco Machine Works Co.,* 601 F.2d 1295, 1303 (5th Cir.1979) ("[i]f we were to find that [plaintiff's] reliance on [a member of a state employment commission who promised to file a complaint on plaintiff's behalf] tolled the time period, there would be no logical reason for denying tolling to a person who has relied on a lawyer or a relative or an acquaintance to file his or her complaint") (dicta in a Title VII action). *See also Smith v. McClammy,* 740 F.2d 925, 927 (11th Cir.1984) (the "basic principle ... is that equitable tolling is based upon the actions of someone other than the claimant that are misleading or constituted fraudulent conduct").