**Margery R. THORKILDSON, Plaintiff,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, COMPANY OF CIGNA CORPORATION, a business corporation, Defendant.**

**Civ. No. 4–84–626.**

United States District Court,
D. Minnesota,
Fourth Division.

March 26, 1986.

Charles S. Zimmerman, Zimmerman, Caplan & Reed, Minneapolis, Minn., for plaintiff.

David R. Hols, Felhaber, Larson, Fenlon & Vogt, Minneapolis, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Margery R. Thorkildson originally brought this action against defendant Insurance Company of North America (ICNA) in state court. She alleges age discrimination, sex discrimination and harassment, interference with reasonable and justified expectation of continued employment, infliction of emotional and mental distress, and negligence. Defendant removed the action to this court, alleging jurisdiction under 29 U.S.C. § 621 and 28 U.S.C. § 1332. The matter is now before the court upon defendant's motion for summary judgment on plaintiff's damage claims for lost wages and Counts II—V of plaintiff's complaint.

### Background

Plaintiff began to work for ICNA as a Chief Clerk in January 1963 at the age of 41 years. In 1969, she was promoted to the position of Senior Underwriter in the Farm Department. On October 12, 1982, plaintiff was terminated from her position after 19 years and nine months of employment. She was then 61 years old. Defendant states that plaintiff was "permanently furloughed from ICNA in connection with a corporate reorganization." During the three months following her termination, plaintiff sent out resumes and engaged in reasonable efforts to secure other similar employment. In January 1983, Thorkildson abandoned her efforts because her husband suffered a crippling stroke. Defendant contends that her decision to abandon her search for employment was voluntary and for entirely personal reasons. It asserts that it is entitled to summary judgment on the damages issue because plaintiff failed to mitigate her damages.

Thorkildson filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) within the statutorily prescribed time. This charge listed age as the sole ground upon which the discrimination charge was based. After receiving notice of her right to sue, plaintiff filed her first complaint alleging all counts involved here except sex discrimination. Plaintiff contends that it was not until after discovery had begun that she realized a sex discrimination claim existed. She subsequently amended her complaint to add such a claim. Defendant

contends that plaintiff's claim of sex discrimination should be dismissed because she never filed an administrative charge of discrimination within the required 300 days of the alleged discrimination.

*Discussion*

A. Mitigation of Damages

Defendant first argues that plaintiff cannot seek back pay from the time she decided to remove herself from the labor market. It argues that a decision to remove oneself from the labor market for purely personal reasons is a failure to mitigate as a matter of law.

■ A wrongfully discharged employee must make reasonable efforts to secure similar employment. *Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 809 (8th Cir.1982). *See also Muldrew v. Anheuser-Busch, Inc.*, 728 F.2d 989 (8th Cir. 1984). The employee's failure to do so will result in a reduction of back pay damages in an amount equivalent to what could have been earned had she accepted alternative employment. *See Fiedler*, 670 F.2d at 809; *Washington v. Kroger Co.*, 671 F.2d 1072, 1079 (8th Cir.1982); *Soules v. Independent School District No. 518*, 258 N.W.2d 103, 105 (Minn.1977).

■ ICNA cites *Fiedler* as authority for the proposition that summary judgment for the employer on the issue of damages is appropriate when an employee has failed to mitigate his or her damages. Defendant also relies heavily on *Miller v. Marsh*, 766 F.2d 490 (11th Cir.1985), in support of this proposition.

In *Fiedler*, summary judgment for the employee was granted because the plaintiff refused the defendant's offer of reinstatement. The court determined that "no jury could find that *Fiedler's* refusal of the offer of reinstatement was reasonable", 670 F.2d at 809. The circumstances here are unlike those in *Fiedler*. ICNA has never made an offer of reinstatement to the plaintiff. Moreover, at the time plain-

tiff was terminated, she was 61 years old and approaching retirement. Nonetheless, she actively pursued employment until her husband became ill. Similarly, *Miller* is distinguishable on its facts. There, the plaintiff voluntarily left the labor market to enter law school. Unlike the plaintiff in *Miller*, Thorkildson was not a young person making decisions about the future direction of her career.

Because the factual situation presented in the record is unique, the court is reluctant to rule on this issue as a matter of law before more evidence is presented. Material questions as to whether plaintiff's decision was truly voluntary, and whether it was reasonable remain. Defendant's motion for summary judgment is therefore denied with respect to damages.

B. Title VII—Sex Discrimination Claim

■ Count II of plaintiff's amended complaint alleges that she was subjected to unlawful discrimination based on sex. To preserve a Title VII action in a deferral state like Minnesota, a complainant must file a charge with the EEOC within 300 days of the alleged unlawful practice. 42 U.S.C. § 2000e-5(e). *See also United Airlines, Inc. v. Evans*, 431 U.S. 553, 555, 97 S.Ct. 1885, 1887, 52 L.Ed.2d 571 (1977), *Owens v. Ramsey Corp.*, 656 F.2d 340, 342 (8th Cir.1981).

Defendant argues that plaintiff's failure to ever file an administrative charge specifically alleging sex discrimination bars any action on those grounds now. Plaintiff contends, by contrast, that her timely filed charge of age discrimination is sufficient to support a claim of sex discrimination in the amended complaint. She urges the court to construe liberally her EEOC charge to include any form of discrimination even though it explicitly lists age discrimination as the basis upon which she filed. *See* Exhibit A. She cites a number of cases for authority, but none lend much support to her argument.[1]

---

1. Plaintiff cites a number of cases where EEOC charges were liberally construed. These cases, however, deal with the scope of the EEOC's power to investigate or the failure to include a

The Third Circuit has addressed the issues raised by Thorkildson in *Hicks v. ABT Assoc., Inc.,* 572 F.2d 960 (3d Cir.1978). In that case summary judgment for the employee was overturned for two reasons. First, there was ample evidence in the record to indicate that the EEOC improperly refused plaintiff's attempt to amend the charge to include sex discrimination. *Id.* at 964. Second and more importantly, the court found that the record presented a genuine issue as to "whether the EEOC investigation reasonably would have included examination of the sex discrimination claims." *Id.* at 966.

The record here contains no allegations of improper conduct by the EEOC, nor would it support such a claim. Furthermore, Thorkildson has not raised a genuine issue as to whether a reasonable investigation of the charge she filed would have encompassed sex discrimination claims. A charge of sex discrimination simply does not flow from the facts alleged by plaintiff. No evidence of sex discrimination was ever presented to the EEOC; rather, the facts in her administrative charge relate to age. The "close nexus" between facts supporting a claim of race and sex discrimination which the *Hicks* court found, is not present here. *Id.* at 967. Therefore, defendant is entitled to summary judgment on plaintiff's sex discrimination claim because of her failure to raise this claim before the EEOC.

## C. State Law Tort Claims

■ Plaintiff claims that she had a reasonable expectation of continued employment with ICNA and that ICNA wrongly interfered with that expectation when it terminated her. She has alleged no basis for this expectation other than the quality and length of her service with ICNA prior to October 1983. There is no indication that the employment relationship between these parties was anything other than an at-will employment contract.

Minnesota courts have found, in certain cases, that provisions in employment manuals or statements made by the employer will become implied in an at-will employment contract. *Pine River State Bank v. Mettille,* 333 N.W.2d 622 (Minn.1983). Plaintiff has made no showing that any such contractual modification occurred here. Indeed, plaintiff's counsel admitted that a zealous argument could not be made on this issue. This court is aware of no Minnesota cases holding that good service in and of itself gives rise to a cause of action for termination of employment. Summary judgment is therefore proper as to Count III of plaintiff's complaint.

■ Count IV of plaintiff's complaint requests relief for damages resulting from the intentional infliction of emotional and mental distress. Giving Thorkildson the benefit of every reasonable inference to be drawn from the pleadings, it is evident that she has failed to state a claim under Minnesota law. The tort of intentional infliction of emotional distress is narrow in scope and limited to cases involving particularly egregious facts. It is unavailable unless a defendant intentionally or recklessly caused severe emotional distress by extreme and outrageous conduct. *Hubbard v. United Press International, Inc.,* 330 N.W.2d 428 (Minn.1983). The conduct at issue must be "utterly intolerable in a civilized society." *Id.* at 440. The alleged criticisms and statements made by plaintiff's supervisor, James Maple, simply do not rise to the level of outrageous activity required to allege this cause of action. The standard laid out in *Hubbard* has not been met and plaintiff's claim should therefore be dismissed.[2]

proper defendant in the initial charge. *See, e.g., Tillman v. City of Boaz,* 548 F.2d 592, 599 (5th Cir.1977); *Pacific Maritime Assoc. v. Quinn,* 491 F.2d 1294, 1296 (9th Cir.1974). Thorkildson's reliance on a line of Eighth Circuit cases is likewise misplaced. *See, e.g., Green v. Missouri Pacific Railroad Co.,* 523 F.2d 1290, 1299 (8th Cir.1975); *Reed v. Arlington Hotel Co.,* 476 F.2d 721, 723 (8th Cir.1973). These cases involved the proper scope of an EEOC charge in class action suits for purposes of defining and choosing proper representatives of the class.

2. Plaintiff attempts to save her claim by asserting that damages for anguish and suffering are

Finally, plaintiff asserts that ICNA was negligent in failing to discover and correct the actions of James Maple, her supervisor. She cites *Vinson v. Taylor*, 753 F.2d 141 (D.C.Cir.1985), and 29 C.F.R. § 1604.11(d) for the proposition that an employer is liable if it fails to stop sexual harassment by its managers. Plaintiff's complaint does not, however, allege the type of sexual harassment with which these authorities deal. In *Vinson*, the court determined that Title VII was intended to protect employees from sexually stereotyped insults and harassing behavior. Thorkildson has failed to point to anything in the record that reasonably supports allegations of such activity. Even assuming that Maple made the remarks attributed to him, the court does not find this to be the type of conduct prohibited by the cases and regulations cited above. Plaintiff's claim presents no material issues of fact and should therefore be dismissed.

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Defendant's motion for summary judgment is denied with respect to damages for back pay associated with Count I of the amended complaint.

2. Defendant's motion for summary judgment as to Counts II through V of plaintiff's complaint is hereby granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

recoverable under the ADEA. This assertion is incorrect. *See Fiedler v. Indianhead Truck Lines*, 670 F.2d 806 (8th Cir.1982).