**John W. JAMES, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Charles Sorenson, and William E. Holloway, Supervisors, Defendants.**

**Cause No. 85–2535C(4).**

United States District Court, E.D. Missouri.

June 25, 1987.

John F. Mulligan, Jr., St. Louis, Mo., for plaintiff.

Louisa Holzschuher, Office of Labor Law, U.S. Postal Service, Washington, D.C., Edwin B. Brzezinski, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter is before the Court on defendant's motion to dismiss or, in the alternative, motion for summary judgment.

Plaintiff John James brings this suit for damages alleging that the United States Postal Service and two of its employees, William Holloway and Charles Sorenson, discriminatorily discharged him from employment on the basis of his race, age, and handicap.

Plaintiff James was discharged from employment on August 9, 1984, for allegedly threatening to kill defendant Charles Sorenson, the acting manager of the Pierre Laclede U.S. Post Station. Plaintiff has challenged his discharge by way of an E.E.

O.C. complaint; filed a grievance through his union, the National Association of Letter Carriers, AFL–CIO; the provisions of the collective bargaining agreement. In each of these challenges to the dismissal, plaintiff denied threatening defendant Sorenson; however, arbitration resulted in a finding that he had in fact threatened Mr. Sorenson. In addition to the other grievances, plaintiff challenged his discharge before the Merit Systems Protection Board alleging race and handicap as reason for his dismissal. The Board found that plaintiff had threatened to kill defendant Sorenson and therefore, his discharge was due to a legitimate, nondiscriminatory reason.

In support of its motion defendant contends that plaintiff's complaint should be dismissed because he failed to comply with the administrative filing requirements, failed to comply with the statutory notice requirements, and he failed to file this complaint within the statutory time requirement.

Because matters outside the pleadings have been submitted for the Court's consideration, the Court will exercise its authority under Fed.R.Civ.P. Rule 12(b) and treat this motion as a motion for summary judgment. Summary judgment is justified only when, viewing the facts and inferences that may be derived therefrom in the light most favorable to the nonmoving party, the Court is convinced that there is no evidence to sustain a recovery under any circumstances. *E.g., Westborough Mall, Inc. v. City of Cape Girardeau, Mo.,* 693 F.2d 733, 736–737 (8th Cir.1982). The burden thus is on the defendants to establish that there is no genuine issue of material fact and they are entitled to judgment as a matter of law. *Id.*

In Count I of his complaint plaintiff alleges that as a diabetic he is a handicapped individual as defined in 29 U.S.C. § 706(7)(A). He contends that he was discharged solely by reason of his handicap, in violation of 29 U.S.C. § 794. In Count II, plaintiff alleges that he was discriminated against and subsequently discharged because of his age, in violation of 29 U.S.C. § 631(a) and (b). In Count III, plaintiff alleges that he was discriminated against because of his race, which is prohibited by 42 U.S.C. § 2000e–16(a).

Each of plaintiff's allegations will be addressed in turn within the context of defendant's motion.

### Discrimination Based on Handicap.

■ Plaintiff alleges in his amended complaint that his discharge from defendant's employ was based on handicap discrimination. Plaintiff raised this claim before the Merit Systems Protection Board. The Board ruled in defendant's favor. Plaintiff did not appeal the initial decision; therefore it became the final order of the Board on August 16, 1985. Plaintiff did not file his civil suit until October 22, 1985, 52 days after the Board's decision.

The Court will not address the merit of plaintiff's claim because the petition for judicial review in this Court came more than 30 days after the order of the Merit Systems Protection Board.

The Court's jurisdiction is limited by the terms of the statute from which it derives its authority to hear plaintiff's claims. The applicable statute in the instant case is 5 U.S.C. § 7703(b)(2).

> (2) Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

The time limit fixed by statute is jurisdictional. *Lewis v. Internal Revenue Service,* 691 F.2d 858 (8th Cir.1982). It is the duty of this Court to observe the limitations imposed on it by statute and comply in accordance therewith. Therefore, plaintiff's claim of handicap discrimination must be dismissed.

**Age Discrimination.**

 Plainitf's next contention is that he was dismissed from his job because of his age.[1] Defendant argues that plaintiff's claim should be dismissed because he failed to notify the EEOC of his intent to sue 30 days in advance. Defendant further states that the advance notice must be filed within 180 days after the alleged unlawful employment practice, also which plaintiff failed to do.

The Supreme Court in *Zipes v. Trans World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), held that timely filing with the EEOC of a charge of discrimination in violation of Title VII is not "jurisdictional" in nature; rather, it is a mere statutory condition precedent to equitable tolling or waiver. Because of the similarities in purpose between Title VII and the ADEA, principles from one frequently apply to the other. By analogy to Title VII, courts in this circuit do not interpret the statutory deadlines in the Age Discrimination in Employment Act, 29 U.S.C. § 633, to be jurisdictional. *See Nielsen v. Western Elec. Co.*, 603 F.2d 741, 743 (8th Cir.1979).

Plaintiff fails to offer a substantial explanation for his failure to comply with the notice requirements which would justify equitable tolling of the limitation period. Plaintiff merely states that at the time he was unassisted by counsel and unfamiliar with the legal process. The Court finds little merit in plaintiff's explanation, and therefore, it cannot justify allowing equitable tolling. Consequently, defendant is entitled to judgment as a matter of law on the ground that plaintiff failed to file a notice to sue with the Postmaster General as required by the ADEA, 29 U.S.C. § 626(d)(1).

**Racial Discrimination.**

 Plainitff's final argument is that he was dismissed on account of his race. For dismissal, defendant reasserts his position as it relates to plaintiff's untimely filings warranting dismissing the case.

42 U.S.C. § 2000–16(c) provides that a person seeking relief under Title VII must file the action within 30 days of receipt of the agency's final decision. On July 29, 1985, plaintiff received a notice from the Postal Service dismissing his claims. The standard letter that accompanies all final decisions advises the parties that if they are dissatisfied with the final decision, one can appeal to the EEOC or file a civil action in district court within 30 days. The Court assumes that plaintiff received the memorandum along with his notice of decision but still failed to file in a timely fashion. In opposition to defendant, plaintiff contends that he had difficulty finding a lawyer. As previously stated, that reason does not constitute legal justification for tolling the limitations period.

Having reviewed the entire file the Court concludes that plaintiff inexcusably failed to comply with the notice and time filing requirements as set forth in the applicable statutes; therefore, this Court is without jurisdiction to hear his claims. Consequently, as a matter of law plaintiff's case must be dismissed. Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint be and is DISMISSED.

---

1. In the amended complaint plaintiff states "he is no less than 40 years of age but no more than 70 years of age."