**Elmina Marie TAYLOR, Plaintiff,**

v.

**Preston R. TISCH, Postmaster General of the United States, Defendant.**

**No. 87–0660–CIV.**

United States District Court, S.D. Florida, Miami Division.

May 12, 1988.

Don Papy, Valory Greenfield, Legal Services of Greater Miami, Miami, Fla., for plaintiff.

Suzanne Hassell Milton, Office of Labor Law, U.S. Postal Service, Washington, D.C., Guy Harrison, Asst. U.S. Atty., Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.

### Background

On January 3, 1984, the Plaintiff, Elmina Marie Taylor, received a career appointment in the Postal Service as a Distribution Clerk. The Plaintiff had been diagnosed as a manic depressive, and thus was "handicapped" within the meaning of the Rehabilitation Act of 1973, as amended, 29 U.S.C. section 701 *et seq.* Section 794a of this Act incorporates the remedies and procedures of Title VII.

On February 4, 1985, the Postal Service issued a Notice of Proposed Removal to Plaintiff, charging that she had threatened a supervisor with a knife. The Postal Service requested a response within 10 days. After the Plaintiff failed to respond, the Postal Service issued a Notice of Decision on March 11, 1985, effecting her removal as of March 18, 1985.

The Plaintiff unsuccessfully grieved the removal through Step 3 of the grievance procedure, then petitioned for review of the removal to the Merit Systems Protection Board (MSPB) on April 6, 1985. After a hearing on the matter, the Presiding Official issued his decision affirming the Postal Service's removal of the Plaintiff. After the full MSPB denied her petition for review of the Presiding Official's decision, the Plaintiff appealed to the Equal Employment Opportunity Commission, Office of Review and Appeals (ORA). On February 26, 1987, the ORA issued its decision that, although the Plaintiff's mental handicap had resulted in her removal, the Plaintiff's violent behavior constituted a legitimate and lawful reason for her removal.

The ORA decision was mailed to the Plaintiff and to her union representative on February 26, 1987 by certified mail. Although the Defendant contends that the

Plaintiff received the decision on March 3, 1987, the Plaintiff, in her affidavit, states that she received it on the following day. For the purposes of this Court's decision, a one-day discrepancy is immaterial. The decision clearly warned the Plaintiff that if she desired to further appeal the ORA decision before the District Court, she had thirty days from the receipt of the opinion in which to do so.

The Complaint, as it appears in the record, was styled "Elmina M. Taylor v. United States Postal Service Agency" and date-stamped April 6, 1988. No service of any kind was effected until after the Plaintiff had amended her Complaint to name the present Defendant, the Postmaster General in his official capacity. Service was then effected on July 23, 1987.

The Plaintiff has filed two affidavits (which the Court notes to be contradictory in several respects) in which she basically avers that she previously had attempted on two occasions—March 20 and 26, 1987—to file a copy of her right to sue letter, together with her request for appointment of counsel and a copy of the ORA decision. On March 13, 1987, the Plaintiff claims to have written a letter in which she expressed the desire to sue in Federal Court and requesting the appointment of an attorney. She does not claim to have mailed the statement to any person or agency. When she went to the Federal Courthouse in Miami on March 20, the clerk told her that her paperwork was incomplete and that she "had to use plain, white paper because blue was not acceptable and the photocopies [she] had made of the blue paper were too dark." At this time, the clerk handed the paperwork back to the Plaintiff, along with additional forms that needed to be completed. The Plaintiff does not state whether she attempted to fill the forms out at the clerk's office, or whether she attempted to solicit the clerk's help in doing so.

After having had the forms for six days, the Plaintiff returned to the clerk's office, only to be told by the same clerk that she had not properly completed them. The following day, March 27, she telephoned her union representative for advice as to how to complete the necessary forms. For some unstated reason, she did not reach him for three days. On March 30, 1987, the representative explained the forms to the Plaintiff.

On March 31, the Plaintiff alleges to have undergone a painful medical procedure that left her knee swollen for several days. On April 3, 1987, she avers that she "tried to go back to the federal courthouse with all my papers, but my ride did not show up." Finally, on Monday, April 6, 1987, the clerk accepted the Plaintiff's paperwork and date stamped them as of that date.

On April 9, 1987, this Court granted the Plaintiff's Motion to Proceed in Forma Pauperis. Following the filing of the instant Motion by the Defendant, the Plaintiff filed her first affidavit. This Court subsequently granted the Plaintiff's Motion for Appointment of Counsel on December 16, 1987. Having received and reviewed the memoranda submitted by counsel for the respective parties, the Court is of the opinion that the Defendant is correct and that this case must be Dismissed.

### Analysis

#### A. *The Timeliness of the Complaint*

By virtue of the fact that the Plaintiff had recourse to appeal before the MSPB and had alleged discrimination on the basis of handicap, this is a "mixed case" within the meaning of 5 U.S.C. section 7702. *See Doyal v. Marsh*, 777 F.2d 1526, 1533 (11th Cir.1985). Judicial review of such actions is limited by section 7703(b)(2) of that title which requires that a claimant seeking Federal Court review file a complaint within 30 days of receiving notice of the decision sought to be appealed. In this case, the Plaintiff is seeking review by this Court of the ORA decision of February 26, 1987 which she admits to having received on March 4, 1984. Therefore, by her own admission, the Complaint had to be filed within 30 days of March 4.

The Complaint was stamped as having been received on April 6. Thus, on its face, the Complaint was not timely filed, and

absent the availability and proof of an "equitable tolling" defense, the Complaint would have to be dismissed. Plaintiff contends, however, that by her attempts to file on March 20 and 26, both of which were within the statutory filing period, she "constructively filed" in a timely fashion. *See, e.g., Rodgers v. Bowen,* 790 F.2d 1550 (11th Cir.1986); *Robinson v. City of Fairfield,* 750 F.2d 1507 (11th Cir.1985).

■ The Plaintiff's argument is not well taken. In both of the cited cases, the Plaintiff's complaint had actually been received by the clerk of court within the statutory period. The Plaintiff was aware of the importance of timely filing her complaint and of the deadline itself. Even after attempting to file the Complaint on March 20 and March 26, she had ample opportunity to complete and resubmit her paperwork. Accepting all of the Plaintiff's allegations as true, the Court is not willing to find that the Plaintiff's conduct amounted to "constructive filing." On both occasions, the Plaintiff knew that she had not done everything that was required of her and that, although aware of the impending deadline, she still had time in which to complete her paperwork. Yet on both occasions, she physically picked up the paperwork and carried it out of the courthouse. Even taking all of her allegations as true and resolving the contradictions between and within the Plaintiff's affidavits in her favor, the Court does not consider this to have been sufficient to constitute constructive filing. Accordingly, the Court finds that the Complaint was filed after the filing period had expired.

### B. *The Jurisdictional Effect of Late Filing*

It is clear that the Plaintiff did not file her complaint within the statutory period required by 5 U.S.C. section 7703(b)(2). The Court, therefore, must address the effect of such failure. If the timely filing of the Complaint is a jurisdictional prerequisite, then the Court must dismiss the complaint. If it is simply a statutory requirement, then the doctrine of "equitable toll-

ing" may be available to the Plaintiff, as to which she bears the burden of proof.

Although the Eleventh Circuit has articulated the issue, it has explicitly refrained from deciding whether filing within thirty days is a jurisdictional prerequisite under this particular statute. *Lee v. United States Postal Service,* 774 F.2d 1067, 1068–69 n. 2 (11th Cir.1985). Section 7703(b)(2) directs that discrimination cases also appealable to the MSPB be filed pursuant to other applicable statutes. Thus, in this case, the Complaint was to be filed pursuant to Title VII. Within the same paragraph, and immediately following this language, however, the statute provides that "Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702." This language indicates that this section is not to be governed by the statutory filing periods of the statutes which it incorporates.

■ In this circuit, the statutory period for filing Title VII actions is not considered jurisdictional, and therefore, is subject to the doctrine of equitable tolling. *See Miller v. Marsh,* 766 F.2d 490, 493 (11th Cir. 1985); *Milam v. United States Postal Service,* 674 F.2d 860, 861 (11th Cir.1982). Nevertheless, it appears that congressional intent was that, although section 7703(b)(2) incorporated Title VII, case law construing the statutory filing period of Title VII would not be applicable to "mixed claims" under this section. Therefore, whether the 30 day filing period of this section is jurisdictional should be determined independently of its Title VII counterpart.

■ Every circuit that has squarely decided the issue has concluded that timely filing is a prerequisite for subject matter jurisdiction. *See Hilliard v. United States Postal Service,* 814 F.2d 325, 327 (6th Cir. 1987); *King v. Dole,* 782 F.2d 274, 275–76 and n. 2 (D.C.Cir.) (per curiam), *cert. denied,* 479 U.S. 856, 107 S.Ct. 194, 93 L.Ed. 2d 126 (1986); *Lofton v. Heckler,* 781 F.2d 1390, 1392 (9th Cir.1986) (per curiam); *James v. United States Postal Service,* 835

F.2d 1265 (8th Cir.1988); *cf. Lee,* 774 F.2d at 1068–69 n. 2 (reserving ruling on the issue). Moreover, as the Eleventh Circuit noted in *Lee,* the 30 day requirement of section 7703(b)(1), the language of which parallels that of subsection (b)(2), has been determined to be jurisdictional. *Id.* (citing decisions of five circuit courts that subsection (b)(1) is jurisdictional). It would be unreasonable to read the identical language appearing twice within the same statute to represent two entirely different concepts. *See Hilliard,* 814 F.2d at 327. Therefore, in accordance with all existing authority on the matter, the Court is of the opinion that the 30 day requirement is jurisdictional and that the effect of the Plaintiff's delayed filing was to deprive this Court of subject matter jurisdiction.

■ Moreover, even if the doctrine of equitable tolling were available, the Court finds that the Plaintiff has not proffered any evidence suggesting that it would be available to her. Accepting all the Plaintiff's affidavits and factual assertions as true, the Defendant is entitled to summary judgment on this issue. *See Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court reaches this conclusion for the same reasons that it did not view the Plaintiff to have "constructively filed" her complaint in March. When all is said and done, the Plaintiff could have, but did not, file her complaint on time. The fact that it took her three days to reach her union representative and that she "missed her ride" to the courthouse simply does not alter that conclusion. Although instituting a federal action can be an extremely complicated, bureaucratic affair, and even if the clerk was not helpful, the Court can come to no conclusion other than that the Plaintiff was ultimately at fault for the late filing.

## C. *Relation Back*

■ Finally, even if the Complaint were considered timely filed, the Defendant argues that the Plaintiff has failed to state a cause of action. As counsel for the Plaintiff has agreed, the only proper defendant in this case was the Postmaster General in his official capacity. *See, e.g., Cooper v. United States Postal Service,* 740 F.2d 714 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). Plaintiff's original complaint was filed against the United States Postal Service Agency. No service was effected on any federal representative prior to July, at which time the Plaintiff amended her complaint to name the correct defendant. Thus, the first service under this action was indisputably effected far after the statutory filing period had expired.

Because the Court is sensitive to the plight of pro se litigants, it took an active interest in obtaining representation for Ms. Taylor as early in the case as was possible.[*] The Court granted Ms. Taylor's Application to Proceed in forma pauperis as soon as it reached the Court's attention. The law is clear that if the Plaintiff had timely filed and served the incorrectly named United States Postal Service within the statutory period, the addition of the correct defendant would be deemed to relate back. *See Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2397, 91 L.Ed.2d 18 (1986); *Gonzales v. Secretary of the Air Force,* 824 F.2d 392 (5th Cir.1987); *Carver v. Casey,* 669 F.Supp. 412 (S.D.Fla.1987); *see also Cooper v. United States Postal Service,* 740 F.2d 714 (9th Cir.1984) (a pre-*Schiavone* case arriving at the same conclusion), *cert. denied,* 471 U.S. 1022, 1022–25, 105 S.Ct. 2034, 2035–36, 85 L.Ed.2d 316 (1985) (White, J., dissenting). However, no notice was received by any federal representative that can be imputed to the Postmaster General until after the statutory filing period had expired. Without such notice, Rule 15(c) arguably renders the relation back doctrine unavailable.

Because of the Court's conclusion that the Complaint was not timely filed, however, the Court does not reach this question. Significantly, however, the Court

---

[*] The Court wishes to express its gratitude to Ms. Valory Greenfield of Legal Services of Greater Miami, Inc., for the extensive time and effort that she devoted to representing Ms. Taylor in this matter.

notes that under the facts of this case, it would have been highly difficult, if not impossible, for the in forma pauperis litigant to have effected service on any defendant within the statutory filing period due to the numerous bureaucratic and practical hurdles that arise in attempting to initiate service through the United States Marshall Service. Thus, to apply the *Schiavone* rule to these facts would be devoid of logic and equity and would generate so harsh a result that the Court doubts could have been in the Supreme Court's contemplation at the time that *Schiavone* was decided. Accordingly, upon careful review of the record, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion is GRANTED and that this case is hereby DISMISSED WITH PREJUDICE for the reasons specifically stated in parts (A) & (B) of this opinion.