**Randall MORSE, Plaintiff,**

v.

**SIMLEY CORP., d/b/a Inn On The Beach Defendant.**

**No. 6:04CV1503ORL28JGG.**

United States District Court,
M.D. Florida,
Orlando Division.

Dec. 22, 2005.

David W. Glasser, Glasser & Handel, Daytona Beach, FL, for Plaintiff.

Jeffrey E. Mandel, David A. Young, Akerman Senterfitt, Orlando, FL, for Defendant:

## ORDER

ANTOON, District Judge.

This action arises from Plaintiff Randall Morse's one-count complaint alleging that Defendant Simley Corp., d/b/a Inn on the Beach retaliated against him in violation of 42 U.S.C. § 2000e. Defendant now moves for summary judgment on the basis that Plaintiff failed to file suit within the time constraints set forth in 42 U.S.C. § 2000e–5(f)(1). (Defendant's Motion for Summary Judgment as to Jurisdiction, Doc. 26).

## I. FACTS

The following facts are not disputed:

1. On July 2, 2002, Plaintiff, a former employee of Defendant, filed a Charge of Discrimination with United States Equal Opportunity Commission ("EEOC") alleging that Defendant retaliated against him in violation of Title VII of the 1964 Civil Rights Act.

2. On September 6, 2002, the EEOC sent Plaintiff a Dismissal and Notice of Rights (hereinafter "Right to Sue Letter") informing him that, if he decided to sue Defendant, he would be required to do so "*WITHIN 90 DAYS* from [his] receipt of [the] notice."

3. On July 7, 2004, Plaintiff's counsel sent the EEOC a letter by fax, stating that he was representing Plaintiff "in regard to his charge of discrimination filed with the [EEOC]." In the letter, Plaintiff's counsel requested that the EEOC provide him the status of Plaintiff's charge.

4. On July 8, 2004, the EEOC forwarded Plaintiff's counsel, by fax and mail, a copy of the Right to Sue Letter originally issued on September 6, 2002.

5. Plaintiff received the fax copy of the Right to Sue Letter on July 8, 2004 and the mailed copy on July 12, 2004.

6. On October 12, 2004, Plaintiff, through the same counsel who represented him before the EEOC, filed the instant lawsuit.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of establishing that no genuine issues of material fact remain. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.,* 131 F.3d 995, 999 (11th Cir. 1997). "The evidence presented cannot consist of conclusory allegations or legal

conclusions." *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir.1991); *see also* Fed. R.Civ.P. 56(e) (providing that nonmovant's response "must set forth specific facts showing that there is a genuine issue for trial").

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. Moreover, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505.

■ "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Southwest Airlines Co.,* 243 F.Supp.2d 1257, 1262 (D.Kan. 2003) (citing *Anderson,* 477 U.S. at 250–51, 106 S.Ct. 2505). "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Id.* (internal quotations and citation omitted).

### III. ANALYSIS

"Under Title VII, in cases where the EEOC does not file suit or obtain a conciliation agreement, the EEOC, 'shall notify the person aggrieved and within 90 days after the giving of such notice a civil action may be brought against the respondent named in the charge ...by the person claiming to be aggrieved ....' " *Zillyette v. Capital One Fin. Corp.,* 179 F.3d 1337, 1339 (11th Cir.1999) (quoting 42 U.S.C. § 2000e–5(f)(1)). In determining whether Plaintiff filed his claim within the requisite time frame, the only question is whether the fax copy or the mailed copy of the EEOC's letter is deemed to have notified Plaintiff of his right to sue. Defendant contends that the fax copy notified Plaintiff of his right to sue on July 8, 2004, ninety-six days before Plaintiff filed the instant action. Plaintiff, on the other hand, argues that he was not formally notified of his right to sue until July 12, 2004, less than ninety days before he filed his complaint.

■ Based on the plain language of 42 U.S.C. § 2000e–5(f)(1), the Court finds that Plaintiff's claim is time-barred. The requirements of 42 U.S.C. § 2000e–5(f)(1) are straightforward: (1) the EEOC must "notify the person aggrieved"; and (2)the person claiming to be aggrieved must file suit within 90 days after the EEOC provides notice. There is no requirement that the EEOC notify "the person aggrieved" notice through U.S. mail or any other manner. The bottom line in this instance is that Plaintiff was notified of his right to sue on July 8, 2004 (albeit by fax) and not, as he claims, on July 12, 2004.

■ There is, moreover, no evidence that the EEOC "lulled" Plaintiff into inaction or otherwise misled him by initially sending him a right to sue letter by fax and subsequently sending a hard copy by mail.[1] To the contrary, it was in an effort

---

1. Citing Eleventh Circuit case law, Plaintiff argues that "[e]quitable tolling may be appro-

priate when a[p]laintiff has been lulled into inaction by State or Federal agencies or when

to accommodate the request of Plaintiff's counsel that the EEOC faxed the letter.[2] Under these circumstances, the Court refuses to equitably toll the ninety-day requirement set forth in 42 U.S.C. § 2000e–5(f)(1). For all of the foregoing reasons, Defendant's Motion for Summary Judgment as to Jurisdiction (Doc. 23) is **GRANTED**. The clerk is ordered to grant judgment in favor of Defendant and, thereafter, to close this file.

[a] [p]laintiff is actively mislead [sic]." Plaintiff's Response to Defendant's Motion for Summary as to Jurisdiction, Doc. 26 (citing *Miller v. Marsh*, 766 F.2d 490 (11th Cir.1985) and *Browning v. AT&T Paradyne*, 120 F.3d 222 (11th Cir.1997)).

2. This, it should be noted, was nearly two years after the EEOC initially disposed of Plaintiff's charge.