## THE EAST HARBOR SPORTSMAN'S CLUB v. CLEMONS ET AL.

*Waters and watercourses—Navigable bay or harbor on Lake Erie —Hunting and trapping wild game—Exclusive right in land owner—Right of public to navigate and fish.*

The owner of land covered by the water of a navigable, landlocked bay or harbor, connected with Lake Erie, holding title derived from the state of Connecticut under its grant made in 1792, has, as an incident of title, the exclusive right of hunting and shooting wild game and trapping wild animals on the premises, although the public have the right to navigate the waters and to fish therein.

(Decided May 7, 1921.)

APPEAL: Court of Appeals for Ottawa county.

*Messrs. True & Crawford,* for plaintiff.
*Mr. John F. McCrystal* and *Mr. S. P. Alexander,* for defendants.

RICHARDS,. J. The plaintiff is an incorporated hunting club, owning large tracts of land in Dan-

bury township, Ottawa county, much of it being marsh land and in large part covered by water. The action was commenced in the court of common pleas for the purpose of enjoining the defendants from hunting and shooting wild game and trapping animals on the premises of the plaintiff.

In the common pleas court the trial resulted in a decree granting the plaintiff a perpetual injunction, and from that decree an appeal has been taken to this court.

The defendants admit that they were hunting ducks and wild game upon the premises in question, but deny the title of the plaintiff to those premises, and insist that they were hunting on navigable waters and had the legal right so to do. Their contention is, in substance, that wherever you have a right to be there you have the right to shoot wild game.

The premises involved constitute a part of the tract of a half-million acres granted in 1792 by Connecticut to the people who had suffered loss by incursions of British troops during the revolutionary war. This tract of land, according to the grant, is bounded "on the north by the shore of Lake Erie," and the question of title involved depends upon the location of the shore of Lake Erie as described in the instruments conveying the land.

We do not regard the location of that line as an open question and consider that it has been finally and definitely determined by the supreme court. The land involved in the litigation in the case of *Hogg* v. *Beerman*, 41 Ohio St., 81, is a part of the same half-million acres involved in the case at bar, and it was held in that case that the land under the waters of East Harbor was included in the tract

granted by the state of Connecticut. The title was again considered by the court in the case of *East Harbor Sportsman's Club* v. *Kelting,* and adjudicated by the circuit court of this county. The finding of facts in that case is very elaborate, and reference to it may be made for a statement of the facts in the case at bar. That finding of facts is reported in 37 Law Bulletin, 259. From the conclusions of law, as there reported, it appears that the circuit court not only adjudicated that the plaintiff had title to the premises involved but that the title so held gave it every beneficial use and enjoyment of the land and water, subject only to the right of the public to navigate the waters and to fish therein.

The conclusions of law further specifically find that the defendants in that case had no right to enter upon the land without the consent of the plaintiff for the purpose of hunting or shooting wild game. The judgment of the circuit court in the *Kelting case,* holding that the public had the right of navigation and fishing in these waters, was unanimously affirmed by the supreme court, and that portion of the judgment holding that the public did not have the right of hunting and shooting on the navigable waters was also affirmed, two judges, however, dissenting from that portion of the judgment. (*East Harbor Sportsman's Club* v. *Kelting,* 56 Ohio St., 746.)

The question of the right of the public to hunt and fish was also before the circuit court in this county in the case of *Winous Point Shooting Club* v. *Bodi,* 10 O. C. D., 544, 20 C. C., 637. In that case the circuit court enjoined the defendants from both fishing and hunting, but when the case reached the supreme court, *Bodi* v. *Winous Point Shooting Club,* 57 Ohio St., 226, that court held the public had the rights of

navigation and fishing in the open bays of Lake Erie, and modified the judgment of the circuit court in that respect, but affirmed the judgment in so far as it held that the defendants did not have the right of hunting and shooting, all of which appears by the journal entry of the supreme court as set forth in 10 O. C. D., 551.

In the unreported case of *West Huron Sporting Club* v. *Andrew Teasel,* commenced in the court of common pleas of Erie county, the circuit court enjoined the defendants from "pursuing, hunting, trapping, shooting, shooting at or killing wild ducks, wild geese, muskrats, or any other wild game upon the plaintiff's said premises." This judgment was affirmed without opinion, *Teasel* v. *West Huron Sporting Club,* 70 Ohio St., 502.

The case of *Winous Point Shooting Club* v. *Slaughterbeck et al.,* brought for the purpose of enjoining the defendants from fishing in the waters and marsh lands owned by the plaintiff, was heard before the court of appeals of this county, the present members of the court sitting in the case. While the petition in that case contained averments relating not only to the right of fishing, but to that of hunting and shooting, the defendants claimed only the right of fishing, and neither counsel nor the court considered any other rights than those of fishing. The opinion of this court in that case has not been reported, but it adjudged that the defendants had the right of fishing in the waters there involved. The case was carried to the supreme court and is reported in 96 Ohio St., 139, where the judgment of this court was affirmed. In the course of the opinion the supreme court cites with approval *Hogg* v. *Beerman,* 41 Ohio St., 81, and *Sloan* v. *Biemiller,* 34 Ohio St., 492, and

states that the rights of navigation and fishing go together in the lakes and navigable bays of this state. The right of fishing and the right of hunting seem always to have been distinguished, perhaps, because, as stated by Angell in his work on Tide Waters, at page 124, fishery in the sea, and in the waters which are made to flow inland therefrom, constitutes a great source of sustentation and has always been regarded as a privilege open and common to all persons. Accordingly, the doctrine, that one who holds by an express grant sanctioned by the government the title to land covered by the waters of a navigable bay holds his title subject to the paramount rights of navigation and fishery vested in the public, and subject only to those rights, has become a part of the texture of the law.

From what has been said it seems manifest that the defendants do not have the right of shooting and hunting upon the premises of the plaintiff, even though they are covered by navigable waters and even though the public have the right of fishing in those waters.

A decree will therefore be rendered for the plaintiff granting a perpetual injunction.

*Perpetual injunction allowed.*

CHITTENDEN and KINKADE, JJ., concur.