798 F.2d 471
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary Sims TSUJI; Hiroshi Tsuji, Plaintiffs-Appellants,
v.
CITY OF CLEVELAND HEIGHTS; Richard V. Robinson, City
Manager; Vincent J. Brice, Chief of the Bureau of Fire
Prevention; Robert J. Maver, Fire Warden, Bureau of Fire
Prevention, Defendants-Appellees.
 No. 85-3561.
 United States Court of Appeals,
Sixth Circuit.
 June 17, 1986.
 
 Before CONTIE and RYANI Circuit Judges; and BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiffs-appellants Mary Sims Tsuji and her husband, Hiroshi Tsuji,[1] appeal the district court's grant of summary judgment to defendants-appellees, the city of Cleveland Heights and certain of its officials (collectively referred to as the city). Appellants argue that the district court erred in failing to grant their motion to declare unconstitutional the Cleveland Heights ordinance allowing the fire chief to establish fire lanes upon private property. Appellants claim the ordinance permits the taking of private property without just compensation. They also contend there are genuine issues of material fact to be decided in this case, and that the district court erred in failing to consider the pleadings and evidence in a light most favorable to them, We affirm.
 
 
 2
 On December 9, 1981, appellants purchased a parcel of real property in cleveland Heights in order to operate a japanese restaurant. In the purchase agreement, appellants gave the city a long term lease on the unimproved property behind the building which was to house the restaurant, and granted the city a permanent easement of a strip of land, twenty feet wide, immediately behind the building and extending the entire width of the property. The leased property behind the restaurant building is used as a municipal parking lot and the easement behind the building was needed to provide public access to the parking lot.
 
 
 3
 On May 17, 1983, the city fire warden, after receiving several complaints about cars being parked at the rear of the restaurant in the easement area, designated the twenty-foot wide strip as a fire lane and prohibited the parking of vehicles in the lane. Appellants were given written notice of this action, and signs were posted in the lane. Thereafter, Mrs. Tsuji was ticketed for parking in the fire lane; the issuance of the parking tickets has been the subject of criminal proceedings in the Ohio state courts.
 
 
 4
 On May 31, 1983, the Tsujis appealed the fire lane designation to the fire chief, who forwarded it to the city law department. In their letter of appeal, appellants raised several legal issues, including a claim of unconstitutional taking, and a claim that the city had breached the purchase agreement by not providing permit parking for plaintiffs.
 
 
 5
 (a) That a fire lane is necessary for safeguarding life and property from the hazards of fire and explosion and for the use and occupancy of buildings, structures and adjacent property.
 
 
 6
 (b) That the fire lane is incident to a retail, commercial or manufacturing use or other use where it can reasonably be expected that the public will assemble in sufficient numbers so that the presence of the public and their motor vehicles, if not controlled, will interfere with the operation of fire-fighting equipment and personnel and the egress of occupants in case of fire.
 
 
 7
 Section 1505.06 details the procedures for designating a fire lane and appealing such designation. The Appeals Board found that if the area behind the restaurant were blocked by cars, the back door, a means of egress in case of fire, would be blocked, and no fire engine equipment could effectively operate there. The board also found that the fire marshall had designated fire lanes in some 160 locations in the city, thirty of which affected restaurants. Appellants appealed this decision to the Cuyahoga County Common Pleas Court, but the appeal was dismissed for lack of jurisdiction because it was filed outside the statutory time limitation.
 
 
 8
 On February 28, 1985, the city filed a motion for summary judgment, or, in the alternative, to dismiss the complaint. On March 1, 1985, plaintiffs filed a cross motion for summary judgment to declare Cleveland Heights Municipal Ordinance Sec. 1505.01 unconstitutional. On June 7, 1985, the district court entered an order granting the city's motion for summary judgment. The district court stated, in its order, that appel lants' motion for summary judgment to declare Cleveland Heights Municipal ordinance Sec. 1505.01 unconstitutional was also before the court.
 
 I.
 
 9
 Appellants first contend that the district court failed to rule on their motion for summary judgment requesting that Cleveland Heights ordinance Sec. 1501.01 be declared unconstitutional because it allows the taking of private property for use as a fire lane without compensating the property owner. Appellants are correct in asserting that the district court did not explicitly rule on their cross-motion. However, in analyzing the city's motion for summary judgment, the district court addressed the taking claim:
 
 
 10
 The plaintiffs' claim under 42 U.S.C. Sec. 1983 is that there has been an "unconstitutional taking of private property without compensation." It is asserted that the designation of a fire lane behind the plaintiffs' restaurant restricts their use of the property without compensation and in such a manner as to violate the Fifth Amendment which is made applicable to a local government through the Fourteenth Amendment. Chicago B.& .R. Co. v. Chicago, 166 U.S. 226, 1897 .
 
 
 11
 In Penn Central Transportation Co. v. New York, 8 U.S. 104 (1978), the Supreme Court discussed the question of a "taking" of private property for purposes of the Fifth Amendment protections. The Court stated that "a use restriction on real property may constitute a taking if not reasonably necessary to the effectuation of a substantial public purpose...or perhaps if it has an unduly harsh impact upon the owner's use of the property." (Citations omitted.) Id. at 127. Thus, any analysis of the taking issue requires this court to examine the public interest and the impact the designation of the fire lane had upon the plaintiffs.
 
 
 12
 There is no precise rule to be applied in determining when a governmental restriction on real property constitutes a taking in violation of the Fifth Amendment. Instead, the public and private interests involved in the designation of the restriction on the property must be weighed. See Agins v. City of Tiburon, 447 U.S. 255, 260-261 (1980) Kaiser Aetna v. United States, 444 U.S. 164 1979 .
 
 
 13
 In the present action the unrebutted evidence demonstrates as a matter of law that a significant government interest was present in the designation of the property as a fire lane. The City has a valid and substantial purpose in maintaining the public safety which would include the designation of a fire lane around a restaurant used by the public. The court can readily recognize the City's interest in having an area behind the restaurant clear of parked vehicles in the event of a fire in the restaurant. Such an event would require unrestricted access to the rear of the building.
 
 
 14
 The next consideration to be addressed is the extent of the impact the designation of a fire lane had upon the plaintiffs. In this regard the testimony of the plaintiffs in their depositions admits that the only impact the fire lane had upon the intended use of the property is the inability to park vehicles directly behind the restaurant. It is admitted, however, that alternative parking is located in the immediate area. In addition, the plaintiffs admit that the, designation of the fire lane has no impact upon their ability to receive deliveries of supplies and that the restaurant has been prosperous. Thus, any "impact" to the plaintiffs can not as a matter of law be the substantial individual harm to offset the substantial public purpose and violate the Fifth Amendment. Penn Central Transportation Co. v. New York City, supra. Hence, in this regard, the plaintiffs have failed to state a claim under 42 u,S.C. Sec. 1983 as a matter of law,
 
 
 15
 App., 30-32.
 
 
 16
 Thus, the district court implicitly held that Cleveland Heights municipal ordinance Sec. 1505.01, as applied to appellants, did not effect a taking of their property without just compensation in violation of the fifth and fourteenth amendments. We agree with this holding. Appellants, however, contend that their motion requested the court to declare the ordinance unconstitutional on its face. However, appellants have cited no cases holding that a municipality may not constitutionally designate a fire lane on private property,[2] and we have found none. Even though appellants' facial challenge to the municipal ordinance was not specifically addressed by the district court, "a prevailing party can support a district court judgment on any ground, including ones overlooked or rejected by the trial court." Cospito v. Heckler, 742 F.2d 72, 78, n.8 (3d Cir.1984), cert. denied 105 S. Ct. 2665 (1985), quoting Washington Steel Corp. v. TW Corp., 602 F.2d 594, 600 (3d Cir. 1979). Appellants' cross-motion raised no issues of fact, but strictly a question of law which the district court implicitly decided in ruling on the city's motion for summary judgment. We agree that the city was entitled to judgment as a matter of law.
 
 II.
 
 17
 Appellants' second contention is that the district court failed to consider the evidence in a light most favorable to them, and that genuine issues of material fact exist, precluding summary judgment for the city.
 
 
 18
 Appellants have failed to elucidate where, in the record, these factual disputes are to be found. Apparently an affidavit of one of the Tsujis was submitted in the district court, but it is not reproduced in the appendix. On the record before us, it is simply too speculative to conclude that genuine issues of material fact may lurk in some unidentified documents. The district court held that appellants had failed to raise any question of fact that would support their claim of racial discrimination under Sec. 1981 or a conspiracy under Sec. 1985(3). We agree with the district court that evidence of these claims is utterly lacking.
 
 
 19
 Appellees were entitled to a judgment in their favor, as a matter of law, on appellants' claims under 42 U.S.C. Secs. 1981, 1983, and 1985(3). Accordingly, the decision of the district court is affirmed.
 
 
 
 [1]
 Mr. Tsuji is of Japanese descent, but his wife is not
 
 
 [2]
 The additional case citations submitted by appellants at oral argument, Golemis v. Kirby, 628 F. Supp. 271 (D.R.I. 1985); Ortiz De Arroyo v. Barcelo, 765 F.2d 275 (1st Cir. 1985), do not so hold; rather, these cases involve only the issue of subject matter jurisdiction and do not reach the merits of the constitutional issue